**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Antonio Castaneda,

                  Plaintiff,

    v.

David Barker,

                  Defendant.

Case No. 2:23-cv-00060-JAD-DJA

**Order**

Plaintiff is proceeding *pro se* under 28 U.S.C. § 1915 and has requested authority to proceed *in forma pauperis.* (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff has demonstrated an inability to prepay fees and costs, it grants Plaintiff's application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff has sued an immune defendant, it dismisses Plaintiff's complaint without prejudice.

**I.     *In forma pauperis* application.**

Plaintiff has filed the application required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or to give security for them. Although Plaintiff's financial certificate demonstrates that his balance as of December 1, 2022 was $1,250.56, months have passed since then and Plaintiff explains that he owes $12,049.00 in restitution and $32,000.00 in student loans. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Screening standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1    When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

2    the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

3    complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

4    F.3d 1103, 1106 (9th Cir. 1995).

5          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

6    complaint for failure to state a claim upon which relief can be granted.  Review under Rule

7    12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

8    719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of

9    the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

10    *v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual

11    allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

12    elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*

13    *Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations

14    contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,

15    556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory

16    allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not

17    crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550

18    U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal

19    pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding

20    that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

21    **III.**    **Screening the complaint.**

22          Plaintiff sues the Honorable Judge David Barker (ret.) for violating Plaintiff's due process

23    rights and equal protection rights.  (ECF No. 1-1 at 3-4).  Plaintiff alleges that Judge Barker

24    retired in January of 2022 but nonetheless continued to decide motions in Plaintiff's state-court

25    criminal case after his retirement.  (*Id.* at 2).  Plaintiff alleges that Judge Barker made his rulings

26    without authority because he was not a judge when he made them.  (*Id.*).

27

28

### A.      The Court dismisses Plaintiff's complaint under the judicial immunity doctrine.

"Absolute immunity is generally accorded to judges…functioning in their official capacities." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* (internal quotations omitted). Judicial immunity applies to claims arising under § 1983. *See Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964).

Judicial immunity is subject to certain limitations: "[j]udges are not immune from suit where (1) their actions do not constitute a judicial act, and (2) they have acted in the 'clear absence of all jurisdiction.'" *Wilson v. Ayers*, No. 2:07-cv-01283-LRH-LRL, 2009 WL 1940102, at *2 (D. Nev. July 7, 2009) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "To determine if a given action is judicial...courts focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986). "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Id.* at 1076. Judges have been found to retain immunity even when their actions are malicious or in excess of jurisdiction. *See Stump*, 435 U.S. at 356.

"The question of whether a judge acted in excess of his authority in making a judicial ruling is a distinct issue from the question of whether a judge acted in the clear absence of jurisdiction." *Roth v. Fourth Judicial Dist.*, No. No. 1:19-cv-00200-DCN, 2019 WL 4670812, at *3 (D. Idaho Sept. 24, 2019). "Even if a judge exceeds his authority in making a judicial ruling in a particular case, that judge is immune if the case is properly before him." *Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 13 (1991)). The difference between acting in the absence of jurisdiction and acting in excess of authority is made clear in the following example:

1

2

3

4
> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

5
*Stump*, 435 U.S. at 357 n.7.

6    Here, Judge Barker is entitled to absolute immunity because he was functioning in his

7 official capacity.  Plaintiff's allegations describe Judge Barker taking judicial action by ruling on

8 motions in Plaintiff's criminal case.  And, although Plaintiff alleges that Judge Barker "made

9 these rulings…without judicial or jurisdictional authority," Article 6, Section 19, Subsection

10 (1)(c) of the Nevada Constitution authorizes the type of rulings in Plaintiff's allegations.  That

11 provision states that "[t]he chief justice may…[r]ecall to active service any retired justice or judge

12 of the court system who consents to such recall and who has not been removed or retired for

13 cause or defeated for retention in office, and may assign him to appropriate temporary duty within

14 the court system."  Nev. Const. art. VI, § 19(1)(c).

15    It appears from Plaintiff's allegations that Judge Barker was presiding over Plaintiff's

16 criminal case before Judge Barker retired.  Authorized to serve as a judge even after retirement

17 under the Nevada Constitution, Judge Barker would not have been acting in the clear absence of

18 jurisdiction when he ruled on Plaintiff's motions.  And absent allegations that Judge Barker was

19 acting outside the scope or in the absence of this authority, the Court does not find that Plaintiff

20 has alleged cognizable claims against Judge Barker.  It thus dismisses Plaintiff's complaint.

21 However, because Plaintiff could potentially amend his complaint to allege that Judge Barker

22 acted outside the scope or in the absence of authority, the Court grants Plaintiff leave to amend.

23

24

25

26 ///

27 ///

28 ///

1     **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

2 *pauperis* (ECF No. 1) is **granted.**  Plaintiff will **not** be required to pay an initial installment fee.

3 Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the

4 Prison Litigation Reform Act.  The movant herein is permitted to maintain this action to

5 conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

6     **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the

7 Prison Litigation Reform Act, the Wyoming Correctional Facility will forward payments from the

8 account of **Antonio Castaneda, Inmate No. 1208412**, to the Clerk of the United States District

9 Court, District of Nevada, 20% of the preceding month's deposits (in months that the account

10 exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of Court is

11 kindly directed to send a copy of this order to the Finance Division of the Clerk's Office.  The

12 Clerk of Court is also kindly directed to send a copy of this order to the attention of **Chief of**

13 **Inmate Services for the Nevada Department of Corrections** at P.O. Box 7011, Carson City,

14 NV 89702.

15     **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise

16 unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the

17 Prison Litigation Reform Act.

18     **IT IS FURTHER ORDERED** that Plaintiff's complaint is **dismissed without prejudice**

19 **and with leave to amend.**

20     **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's

21 complaint (ECF No. 1-1) on the docket but shall not issue summons.

22     **IT IS FURTHER ORDERED** that Plaintiff will have until **June 5, 2023** to file an

23 amended complaint to the extent he believes he can correct the noted deficiencies.  If Plaintiff

24 chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior

25 pleading (i.e., the original complaint) to make the amended complaint complete.  This is because,

26 generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires

27 that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff

28 files an amended complaint, the original complaint no longer serves any function in the case.

Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint on or before **June 5, 2023** the Court shall recommend dismissal.

DATED: May 5, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE